UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: NOAM BOUZAGLOU,

Debtor,

------------------------------

NOAM BOUZAGLOU,

Appellant,

v.

JEANNE HAWORTH, Successor Trustee
to McGinty Family Trust; KATHLEEN
MCGINTY,

Appellees.

No.   18-60054

BAP No. 17-1253

ORDER

Before:  SCHROEDER, BERZON, and R. NELSON, Circuit Judges.

The panel has voted to deny the petition for panel rehearing.  Judges Berzon
and R. Nelson have voted to deny the petition for rehearing en banc, and Judge
Schroeder has so recommended.

The full court has been advised of the petition for rehearing en banc and no
judge has requested a vote on whether to rehear the matter en banc.  Fed. R. App.
P. 35.

The petition for panel rehearing and rehearing en banc are **DENIED.**

The memorandum disposition filed on March 25, 2020, is withdrawn.  A new memorandum disposition will be filed concurrently with this order.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: NOAM BOUZAGLOU,

Debtor,

-------------------------------

NOAM BOUZAGLOU,

Appellant,

v.

JEANNE HAWORTH, Successor Trustee
to McGinty Family Trust; KATHLEEN
MCGINTY,

Appellees.

No.  18-60054

BAP No. 17-1253

MEMORANDUM*

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Kurtz, and Faris, Bankruptcy Judges, Presiding

Argued and Submitted February 14, 2020
Pasadena, California

Before:  SCHROEDER, BERZON, and R. NELSON, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Noam Bouzaglou and his alter ego corporation were found liable for substantial fraud damages after a state court trial. Bouzaglou appealed the judgment. He then filed for bankruptcy, and his state court appeal was dismissed because he no longer had standing to pursue his appeal.

Bouzaglou now appeals the BAP's affirmance of the bankruptcy court judgment finding the debt non-dischargeable. He contends that because he was unable to appeal the state court judgment against him personally, that judgment does not preclude him from retrying the fraud issues in bankruptcy court.

We affirm the BAP's ruling that Bouzaglou is bound by the state court judgment of fraud. There are several reasons. First, Bouzaglou chose to file for bankruptcy, thereby voluntarily relinquishing his personal right to appeal. The bankruptcy code provides that legal interests are considered property of a debtor's estate, 11 U.S.C. § 541(a)(1), and we have held that a bankruptcy trustee has the exclusive right to raise legal claims on behalf of the estate, *Estate of Spirtos v. One Bernardino Cty. Superior Court SPR 02211*, 443 F.3d 1172, 1175 (9th Cir. 2006). The trustee here did not appeal. Second, while there remained the possibility that the bankruptcy court could order the trustee to abandon the appeal rights, the bankruptcy court denied Bouzaglou's motion to compel abandonment, and he neither re-filed the motion nor challenged that ruling. Finally, Bouzaglou's alter

2

ego corporation did appeal the fraud judgment against it in state court and lost. The state appellate court explained that substantial evidence supported the fraud judgment and the damages award against the corporation. There is no indication that the result would have been any different if Bouzaglou personally had appealed the parallel judgment against him.

The bankruptcy court rested its conclusion on California principles of issue preclusion. *See Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990). All of the required elements are met here, including the identity of issues sought to be litigated with issues already litigated in the state court proceeding. Bouzaglou's only remaining argument appears to be that of there being some unfairness in his inability to appeal the fraud judgment. Since his alter ego corporation did appeal the merits of the fraud judgment against it, which was based on the same evidence, there is no conceivable unfairness.

**AFFIRMED.**